UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEALTHCARE COMPLIANCE
RESOURCES, LLC, a Michigan
limited liability corporation,

        Plaintiff,

v.

PHYSICIAN REIMBURSEMENT SERVICES
OF HOUSTON INC., a Texas corporation,
PHYSICIAN REIMBURSEMENT SERVICES, INC.,
a Texas corporation, and ALICE D. COLEHOWER,
an individual,

        Defendants,
        Jointly and severally.
_____/

Case No. 1:05CV0471
Hon. Richard Alan Enslen

FRANK, HARON, WEINER AND NAVARRO, PLC
By:    Monica P. Navarro (P52985)
        Michelle D. Bayer (P55546)
Attorneys for Plaintiff
5435 Corporate Drive, Suite 225
Troy, MI 48098
(248) 952-0400
fax (248) 952-0890

_____/

## BRIEF IN SUPPORT OF MOTION FOR JUDGMENT OF DEFAULT

Pursuant to Fed. R. Civ. Pr. 55(b)(1), Plaintiff, Healthcare Compliance Resources, LLC ("HCR"), a Michigan limited liability company, by its attorneys, Frank, Haron, Weiner and Navarro, in support for her request of entry of judgment against the above-captioned Defendants, jointly and severally, states the following:

### DISCUSSION

On July 12, 2005, Plaintiff filed a Complaint in this action against Defendants, jointly and severally, for Unfair Competition and False Advertising in Violation of Section 43(a) of the

Lanham Act, 15 U.S.C.A. § 1125 (Count I); for Violation of the Michigan Consumer Protection Act, M.C.L.A. §445.903 (Count II); for Unfair Competition under Common Law (Count III); and for Unjust Enrichment (Count IV), all such causes of action arising out of Defendants misappropriation and misuse of Plaintiff's professional and proprietary marks or designations in the solicitation of Defendants' business since January 1, 2003 to the present date.

The summons and a copy of the Complaint in this action were personally served on Defendants Physician Reimbursement Services of Houston, a Texas corporation, Physician Reimbursement Services, a Texas corporation, and Alice D. Colehower, an individual, on July 22, 2005, by personal service by the professional process service company, Legal Support Agency, but Defendants failed to defend or otherwise participate in any way in the instant action, even though Defendants were fully aware of the charges made against them.

All required proofs of service were filed with the Court on August 22, 2005 and an Entry of Default entered on September 23, 2005. **See Exhibit A, Entry of Default Dkt. No. 9**. On October 14, 2005, the Court ordered Plaintiff to apply for judgment in the instant case. **See Exhibit B, Order Regarding Default Judgment Dkt. No. 12.** From and after September 23, 2005, the Defendants have not appeared or otherwise pled in defense of the complaint filed.

As detailed in Plaintiff's Complaint, pursuant to the laws which govern Count I, Unfair Competition and False Advertising in Violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125; Count II, Violation of the Michigan Consumer Protection Act, M.C.L.A. §445.903; Count III, Unfair Competition under Common Law; and Count IV, Unjust Enrichment; Plaintiff is entitled to obtain permanent injunctive relief against Defendants, to the revenues earned by Defendants in connection with the misuse and misappropriation of Plaintiff's professional and proprietary marks/designations, and to obtain from Defendants all the costs and attorney fees

incurred by Plaintiff in connection with this action.[1]  Additionally, Plaintiff is entitled to three times the revenues obtained by Defendants as a result of their unlawful actions under the Lanham Act (Count I).  Finally, Plaintiff is entitled to a declaratory judgment pursuant to Count II, Violation of the Michigan Consumer Protection Act, M.C.L.A. §445.903, that Defendants' use of the title designation Certified Health Care Compliance Consultant or CHCC is unlawful under M.C.L.A. § 445.903.

The revenues earned by Defendants through the misuse and misappropriation of Plaintiff's professional and proprietary marks/designations are readily ascertainable from reliable and admissible evidence, including the business records and promotional materials of Defendants, as well as correspondence authored by Defendants, which enables their wrongfully obtained revenues to be reduced to a sum certain.  **See Exhibit C (Economist's Report on Defendants' Revenue from January 1, 2003 through October 31, 2005)**.  Specifically, Defendants derived gross revenue of $1, 612,652.88 for year 2003 and gross revenue of $2,079,526.41 for year 2004. Defendants further derived an estimated gross revenue of $2,049,668.95 for year 2005 through October 31, 2005, for a total gross revenue of $5,741,848.24. The net profit for years 2003, 2004, and 2005 through October 31, 2005 is $1,650,801.59.

Based on the foregoing, Plaintiff is entitled to a monetary award in the amount of $1,650,801.59 under Count I, Unfair Competition and False Advertising in Violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125; Count II, Violation of the Michigan Consumer Protection Act, M.C.L.A. §445.903; Count III, Unfair Competition under Common Law; and Count IV, Unjust Enrichment.

---

[1] Plaintiff is also entitled to extraordinary relief under the Lanham Act, including trebled damages.

Morever, Plaintiff is entitled to an award that is treble the revenues wrongfully earned by Defendants under the Lanham Act (Count I) or $4,952,404.77.  Additionally, Plaintiff is entitled to an award of $9,667.36 for the costs and attorney fees incurred in connection with this action under Count I, Unfair Competition and False Advertising in Violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125; Count II, Violation of the Michigan Consumer Protection Act, M.C.L.A. §445.903; Count III, Unfair Competition under Common Law; and Count IV, Unjust Enrichment.  **See Exhibit D, attorneys fees and expert fees.**

Because the recoverable damages are duplicative of one another, Plaintiff is only entitled to recover all such damages once.

In sum, Plaintiff is entitled to a total monetary award of $4,962,072.13 (trebled revenues in the amount of $4,952,404.77 plus costs and attorney fees in the amount of $9,667.36), as well as to injunctive relief.  A proposed judgment is attached as **Exhibit E, (proposed) Judgment.**

        Respectfully submitted,

        /s/ Moni ca P. Navarro
        FRANK, HARON, WEINER AND NAVARRO
        Monica P. Navarro (P52985)
        Michelle D. Bayer (P55546)
        5435 Corporate Drive, Suite 225
        Troy, MI 48098

Date:   October 28, 2005        (248) 952-0400