UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEALTHCARE COMPLIANCE
RESOURCES, LLC, a Michigan
limited liability corporation,

        Plaintiff,

    v.

PHYSICIAN REIMBURSEMENT
SERVICES OF HOUSTON, INC.,
a Texas corporation, PHYSICIAN
REIMBURSEMENT SERVICES,
INC., a Texas corporation, and
ALICE D. COLEHOWER, an
individual,

        Defendants, jointly
        and severally.

_____/

Case No. 1:05-CV-471

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Plaintiff Healthcare Compliance Resources, LLC's Motion for Judgment of Default pursuant to Federal Rule of Civil Procedure 55(b)(1). On July 22, 2005, Defendant Alice D. Colehower was personally served with Plaintiff's Complaint and summons. According to Plaintiff, Defendant Colehower is an agent for Defendants Physician Reimbursement Services of Houston, Inc. and Physician Reimbursement Services, Inc. and authorized to receive process on behalf of the incorporated Defendants. Despite being properly served with civil process, *see* FED. R. CIV. P. 4(h), Defendants have failed to timely appear, plead or otherwise defend. The Court entered default against Defendants on September 23, 2005. Default established Defendants' liability for the well-pled allegations in Plaintiff's Complaint. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). The remaining task is the entry of default judgment.

Federal Rule of Civil Procedure 55(b) governs the entry of default judgment.  Rule 55(b) provides in pertinent part that judgment by default may be entered as follows:

> **(1)  By the Clerk.**  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> **(2)  By the Court.**  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein . . . .

Plaintiff's four count Complaint charges Defendants with unfair competition and false advertising under the Lanham Act, 15 U.S.C. § 1125(a), violations of Michigan's Consumer Protection Act, MICH. COMP. LAWS § 445.903, and common law claims of unfair competition and unjust enrichment.  As for relief, Plaintiff requests an award of "compensation in an amount equal to the amount of profits earned by Defendants through" their illegal conduct, (Pl.'s Compl. at 6, 9 & 11), "compensation in an amount equal to Plaintiff's lost profits," (*Id.*), attorney fees and costs, and injunctive relief.  Plaintiff also seeks actual or statutory damages ($225), whichever is greater, and declaratory relief under the Michigan Consumer Protection Act.

The Court begins by noting that Plaintiff addressed its application for default judgment to the Court by motion, instead of directing its application to the Clerk as specified in Rule 55(b)(1). The Court also notes that Plaintiff's requested damages are for an uncertain sum, which cannot be made certain by computation.  Furthermore, the Court observes that Plaintiff's Motion is accompanied by references supporting its requested damage amount.  Thus, rather than deny Plaintiff's Motion for uncertainty of damages and failing to address its request to the Clerk under

Rule 55(b)(1), the Court will construe Plaintiff's Motions as an application to the Court for an entry of default judgment under Rule 55(b)(2).

Rule 55(b)(2) does not set forth a standard to be applied in determining when a party is entitled to a judgment by default. The case law makes clear, however, that the court is to exercise "sound judicial discretion" in determining whether a default judgment should be entered.[1] CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 10A FEDERAL PRACTICE & PROCEDURE § 2685 (3rd ed. 1998) (citing cases).

Plaintiff assessed its damages as follows: (1) compensation totaling $1,650,801.59, representing the amount of profits earned by Defendants through their illegal conduct; (2) treble damages (of the initial $1,650,801.59) under the Lanham Act, yielding $4,952,404.77; and (3) attorney fees and costs in the amount of $9,667.36. Summed, Plaintiff believes its total damages to be $4,962,072.13. Plaintiff also seeks injunctive relief requiring Defendants to cease and desist from using the Certified Health Care Consultant or CHCC title or designation orally or in writing and to recall all offending materials using such designations. Finally, Plaintiff requests a declaration that Defendants' use of the title or designation Certified Health Care Compliance Consultant or CHCC is unlawful under Michigan's Consumer Protection Act. MICH. COMP. LAWS § 445.903. The Court will address each request in turn.

Plaintiff has established that Defendants made profits totaling $1,650,801.59 by submission of Dr. John Sase, Ph.D.'s economic reference material. In making his findings, Plaintiff's economist reviewed Defendants' profit/loss data, net charges/net collections statements, and earnings

---

[1] The Court may conduct a hearing but is not required to do so. FED. R. CIV. P. 55(b)(2). Given that Plaintiff has attached reference material to its Motion and because Defendants have failed to appear, the Court finds such an *ex parte* hearing unnecessary.

statements from one of Defendants' clients.  Plaintiff's economist also drew conclusions from this data and forecasted future earnings.  The Court finds Plaintiff's economist's methodology sound and his conclusions compelling.  Thus, the Court will accept Plaintiff's initial computation of its damages and award Plaintiff $1,650,801.59, representing profits earned by Defendants through their illegal conduct.

Under the Lanham Act, 15 U.S.C. § 1117(a), the Court may assess treble damages in its discretion.  Because Defendants have failed to appear, plead or otherwise defend this action, and since Plaintiff's Complaint does not allege that Defendants' unfair competition and false advertising was deliberate, malicious or wilful, the Court deems treble damages unwarranted under the Lanham Act and declines Plaintiff's invitation to do so.

Concerning Plaintiff's request for attorney fees and costs, the Court notes that ordinarily attorney fees are paid by each party, regardless of the outcome of the litigation.  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).  However, attorney fees are available as a sanction, *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) (power to compel payment of opposing party's attorney's fees as sanction for misconduct), or by statute.  *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994) (recognizing the "general practice of not awarding fees to a prevailing party absent explicit statutory authority").  Michigan's Consumer Protection Act provides that  "a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages . . . together with reasonable attorneys' fees."  MICH. COMP. LAWS § 445.911(2).  Plaintiff is included in the statutory definition of a "person."  *Id.* at § 445.902(c).  Therefore, the Court finds

that Plaintiff is entitled to an award of attorney fees.[2] Regarding its costs, the Lanham Act specifically authorizes Plaintiff to recover costs. 15 U.S.C. § 1117(a). Upon review of Plaintiff's reference material supporting its request for attorney fees and costs, the Court finds the amount requested reasonable and necessary for maintenance of this action. Accordingly, Plaintiff's are entitled to an award of attorney fees and costs in the amount of $9,667.36, and total damages awarded in the amount of $1,670,136.31.

As to Plaintiff requests for injunctive and declaratory relief, the Court finds that it is proper to issue a permanent injunction prohibiting Defendants from using the Certified Health Care Consultant or CHCC title or designation orally or in writing and Defendants shall recall all offending materials using such designations. The Court also finds it proper to declare Defendants' use of the title or designation Certified Health Care Compliance Consultant or CHCC unlawful under Michigan Compiled Laws § 445.903.

Therefore, the Court will grant in part and deny in part Plaintiff Healthcare Compliance Resources, LLC's Motion for Judgment of Default. The Court will deny the Motion in that it sought treble damages. In all other respects the Motion is granted. A Judgment, Injunction and Declaration consistent with this Opinion shall enter.

                                             /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:          RICHARD ALAN ENSLEN
        December 29, 2005          SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Lanham Act also provides for attorney fees, but only in exceptional cases. 15 U.S.C. § 1117(a). Because the Court cannot say that Defendants' violations were deliberate, malicious or wilful, the Court does not find this case exceptional, and therefore, the Court does not base its award of attorney fees on the Lanham Act.